

FILED & ENTERED

AUG 25 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ZAMIR SIDDIQI,<br><br>            Debtor. | Case No. 2:13-bk-38958-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION AND ORDER ON *EX PARTE* APPLICATION TO VACATE NON-DISCHARGEABLE JUDGMENT IN FAVOR OF WELLS FARGO BANK, N.A., ENTERED ON NOVEMBER 14, 2014** |

Pending before the court is the *ex parte* application of creditor Wells Fargo Bank, N.A., to vacate the non-dischargeable judgment in favor of Wells Fargo Bank, N.A. on November 14, 2014. ECF 209, filed on August 11, 2016. Everett G. Barry, Jr., and Tina M. Pivonka, of the law firm of Mulvaney Barry Beatty Linn & Mayers LLP, San Diego, California, represent the bank as indicated on this application.

Because the text of the bank's application is quite brief, the court quotes the entirety of the application verbatim below:

> Creditor WELLS FARGO BANK, N.A., a national banking association ("Bank") requests that the Coud vacate the $25,000.00 non-dischargeable Judgment entered in this case favor of Bank and against Debtor on November 14,2014. Debtor owes Bank a considerable sum in excess of the non-dischargeable amount and, based on the revocation of the discharge in this bankruptcy case, Bank prefers to pursue Debtor outside the bankruptcy

>court for the entire sum owed. Vacating the Judgment entered in this case (without prejudice) will allow Bank to seek the entire sum owed and will provide Bank one court in which to attempt to execute on the prospective stated court judgment.
>
>More specifically, Bank and Debtor entered into a Stipulation for Judgment in which a portion of the sums due Bank were agreed to be non-dischargeable. Judgment was to be entered upon Debtor's default in monthly payments. Debtor defaulted and the Court entered Judgment for $25,000.00 on November 14, 2014.
>
>Subsequently, the Debtor was denied a discharge under Section 727. Thus, the remaining amount due Bank may be collected by the Bank, To simplify Bank's collection, it requests that the Judgment be set aside so the Bank may proceed to collect the full amount due in one forum.
>
>This Application is based on the Declaration of Linda Grove, filed concurrently, as well as the papers and pleading filed in this proceeding.

ECF 209 at 1-2.

First of all, since the bank's application is a request for an order, the application is a motion within the meaning of Federal Rule of Bankruptcy Procedure 9013, and the rule governing motions made in this court, Local Bankruptcy Rule 9013-1, generally does not permit the consideration of motions on an *ex parte* basis without hearing. The bank cites no reason to make an exception here. Local Bankruptcy Rule 9013-1(a)(5)(A) specifically provides in pertinent part:

>(5)  Hearings, notice, and service.
>
>(A) <u>General</u>.  Except as provided in this rule or by order of the court, hearings and notice are required for all motions, and are governed by subsection (d) of this rule [regarding persons and entities to be served with notice and motion and deadlines for filing and service of notice and motion].

Although the proof of service for the Motion indicates that the bank served a copy of the Motion on the debtor by mail, the bank's request for *ex parte* consideration of the Motion provides no opportunity for the adverse party, the debtor, to be heard as required by Local Rule 9013-1.  Thus, the bank's motion styled as an application must comply with Local Bankruptcy Rule 9013-1(a)(5)(A), but it does not comply with the requirements of the rule.

Second, the bank cites no legal authority for its motion to vacate the final judgment in this case, which was entered upon a stipulation of the parties, the bank and the debtor.

2

1 | The applicable rule is Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024,
2 | which makes Federal Rule of Civil Procedure ("Civil Rule") 60(b) applicable to this case,
3 | and these rules govern relief from judgment or order, which is exactly the relief now being
4 | sought by the bank.  Civil Rule 60(b) "allows a party to seek relief from a final judgment,
5 | and request reopening of [a] case, under a limited set of circumstances."  *United Student*
6 | *Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269 (2010)(citations and internal quotation
7 | marks omitted).  "The purpose of [Civil Rule] 60(b) is to balance the principle of finality of a
8 | judgment with the court's interest in seeing that justice is done in light of all of the facts."  3
9 | Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and*
10 | *Evidence,* ¶ 20:360a at 20-67 (2015), *citing, Charter Township of Muskegon v. City of*
11 | *Muskegon,* 303 F.3d 755, 760 (6th Cir. 2002).  The bank cites its preference as a creditor
12 | for ease of collection of its various judgment debts against the debtor through one court,
13 | the state court, as opposed to enforcing its judgments in multiple courts, including this
14 | court, as its basis for seeking relief from judgment here, but nowhere does it discuss the
15 | aforementioned rules governing such relief.  A party preference for ease of collection of
16 | judgment through a single judicial forum does not appear to be one of the express grounds
17 | for relief set forth in Civil Rule 60(b) for relief from judgment, and this will have to be
18 | explained in a proper motion under Civil Rule 60(b) to see how the bank's reason for relief
19 | falls within the rubric of that rule.
20 |     Moreover, there are time restrictions set forth in Civil Rule 60(c) on motions for relief
21 | from judgment under Civil Rule 60(b) requiring that such motions be made "within a
22 | reasonable time," and in the case of motions under Civil Rule 60(b)(1), (2) and (3) no more
23 | than a year after the entry of a judgment, and here, when judgment was entered on
24 | November 14, 2014, this motion filed on August 11, 2014 seeks relief from a judgment
25 | entered more than a year after entry of the judgment (i.e., a year and almost nine months).
26 | The bank has not shown that its motion for relief from judgment is not barred under the
27 | time restrictions of Civil Rule 60(c).
28 |

Here, the bank is asking for *ex parte* consideration of its motion for relief from judgment without complying with the notice and hearing provisions of the rule governing the consideration of motions before this court, Local Bankruptcy Rule 9013-1, which relief affects the rights of the other party to the stipulated judgment, the debtor, and the bank has not cited or discussed any legal authority to support its motion, such as the rules discussed herein.  Accordingly, for lack of compliance with applicable notice and hearing requirements and lack of adequate showing of cause under applicable legal authority, the court denies the bank's *ex parte* application to vacate judgment without prejudice.

**IT IS SO ORDERED.**

### 

Date: August 25, 2016

_____
Robert Kwan
United States Bankruptcy Judge

4